**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

| | |
|---|---|
| DARRYL ISOM,<br><br>                Plaintiff,<br><br>v.<br><br>SMITHS MEDICAL, ASD, INC.,<br><br>                Defendant. | Case No. 2:11-cv-00183-MPM-JMV |

**STIPULATION AND ORDER OF CONFIDENTIALITY**

      1.      This Stipulation and Order shall govern the use and disclosure of all "Discovery Materials," as defined below, that are created or produced in connection with the above-captioned action.

      2.      "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of any of the foregoing.

      3.      "Confidential Information" shall mean any proprietary business information or commercial information, including operations and similar manuals, compensation plans or policies, non-public documents revealing the job duties of Defendants' employees (excluding job postings), training materials, promotion and marketing materials, pricing information, documents

concerning internal investigations, and any other confidential information entitled to similar protection under any other law or rule that hereafter becomes applicable to this action.

4. "Confidential Discovery Material" shall mean any Discovery Material that contains Confidential Information.

5. "Highly Confidential Information" shall mean sensitive personal information regarding individuals, including social security numbers, contact information, medical information, complaints and allegations of discrimination or improper pay, performance evaluations, and individual pay and benefits information.

6. "Highly Confidential Discovery Material" shall mean any Discovery Material that contains Highly Confidential Information.

7. Any party or non-party may designate any Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material in the following manner:

(a) Any Discovery Material may be designated as Confidential Discovery Material or Highly Confidential Discovery Material either by: (i) marking, either before or as the document is produced, the term "Confidential" or "Highly Confidential" on each page of the document that contains Confidential Discovery Material or Highly Confidential Discovery Material or (ii) if a document produced is not marked "Confidential" or "Highly Confidential," but later determined to be "Confidential" or "Highly Confidential," notifying the other party in writing, either before or after the document is produced, of the "Bates" number (if such numbers have been placed on that document, and if not, otherwise identifying the document for the other party) of each page of the document that contains Confidential Discovery Material or Highly Confidential Discovery Material.

(b) Depositions or other pre-trial testimony also may be designated either by a statement on the record by counsel at the time of disclosure or by notifying counsel for all other parties in writing (and either delivered by hand or transmitted by facsimile) within thirty (30) days after receipt by counsel for the deponent or witness of the transcript of such depositions or other pre-trial testimony. Counsel for the deponent or witness may instruct the deponent or witness to provide the testimony containing Confidential or Highly Confidential information only if persons who are not authorized per this Order to receive such information are not present in the room when the witness or deponent provides such testimony. In addition, counsel for the party-deponent shall affix the legend "Confidential" or "Highly Confidential" to the first page and all subsequent pages of the original transcript that contains designated material, and to the first page and all subsequent corresponding pages of all copies of such transcript. Only those portions of each transcript designated as "Confidential" or "Highly Confidential" in this action shall be deemed "Confidential" or "Highly Confidential" material. All transcripts of depositions or other pre-trial testimony shall automatically be deemed to be "Confidential" or "Highly Confidential" until the end of the thirtieth (30th) day after their receipt by counsel for the deponent or witness.

(c) To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, e-mails, databases, or programs stored on any digital or analog machine-readable device, computer, disc, network or tape) is produced in such form, the producing party or any other party may designate such material as Confidential or Highly Confidential Discovery Material by affixing a label on the media or its casing indicating such designation or, where not practical, by cover letter referring generally to such matter.

(d) Any Discovery Material already produced may be designated as Confidential Discovery Material or Highly Confidential Discovery Material by providing written notice of same to all parties within thirty (30) days after the execution of this Stipulation and Order.

(e) If a party disagrees with any designation of Discovery Materials as Confidential Discovery Material or Highly Confidential Discovery Material, that disagreement shall be conveyed to the opposing party within thirty (30) days of the disputed designation. If the parties cannot reach an agreement on the disputed designation, that dispute shall be submitted to the Court for resolution in accordance with the procedures set forth in Paragraph 15 of this Stipulation and Order.

8. Confidential Discovery Material or Highly Confidential Discovery Material and all copies thereof shall be used solely for the purpose of this litigation and not for any business or other purpose.

9. Confidential Discovery Material:

(a) shall be disclosed only to:

(i) the Court and court personnel employed in connection with this action;

(ii) outside and inside counsel who represent parties in this action, and regular and temporary employees of those counsel assisting in the conduct of this action, for use in accordance with this Stipulation and Order;

(iii) outside independent consultants, mediators or experts assisting counsel for the parties in this action (including potential experts);

(iv) authors and recipients of such materials;

(v) actual or potential deponents or witnesses in this action, and their counsel, during the course of, or to the extent necessary in preparation for, deposition or trial testimony in this action, or to the extent necessary to determine whether they are proper deponents or witnesses in this action, provided that the receiving party shall maintain a written record of each person to whom Confidential Discovery Material was disclosed pursuant to this provision, and evidence that the person agreed in writing, in the format attached hereto as Exhibit A, to be bound by this Stipulation and Order in connection with those materials, and that the producing party shall be entitled to review that record of Confidential Discovery Material disclosures upon (i) a showing of a substantial need for such information, where (ii) the producing party has good cause to believe that information has been disclosed in violation of this Stipulation and Order; and

(vi) Plaintiff Darryl Isom; and

(b) shall be copied only by attorneys of record, clerical personnel employed by such attorneys, or independent copying services engaged by such attorneys, provided that the attorneys engaging a copying service have no reason to believe that that service or any of its employees is likely to disclose or use any Confidential Discovery Material or Highly Confidential Discovery Material in a way that would violate this Stipulation and Order if the service and its employees were bound by the Stipulation and Order.

10. Each person to whom Confidential or Highly Confidential Discovery Material, or data and information obtained, derived or generated from Confidential or Highly Confidential Discovery Material, is disclosed or made available, including Plaintiff, or experts or consultants retained by Plaintiff, shall first be advised of the existence and the contents of this Stipulation and Order, and shall execute an Acknowledgment in the form, attached as Exhibit "A" to this

DB1/ 68403166.1

Stipulation and Order. No such person shall divulge any Confidential or Highly Confidential Discovery Material, or any data and information obtained, derived, or generated from Confidential or Highly Confidential Discovery Material, to any other person, except as provided herein.

11. All provisions of this Stipulation and Order applicable to Confidential Discovery Material shall apply to Highly Confidential Discovery Material, except that Highly Confidential Discovery Material shall not be disclosed to any persons other than those described in paragraphs 9(a)(i), (ii), (iii) and (iv) of this Stipulation and Order and, in the course of a deposition or trial a party may show Highly Confidential Discovery Material to a deponent or trial witness when that person has access to that material in the normal course of his or her employment. In addition, at the request of the receiving party, the producing party shall redact Highly Confidential Information from specified material such that the redacted copies may be treated as Confidential Discovery Material.

12. Any party filing documents that contain Confidential or Highly Confidential Discovery Material shall either redact such Confidential or Highly Confidential Information or shall request that the document containing such information be filed and maintained under seal of the Clerk of the United States District Court for the Northern District of Mississippi prior to filing such Discovery Material.

13. Notwithstanding the provisions of paragraphs 8, 9, 10, and 11, this Stipulation and Order has no effect upon, and shall not apply to, any producing party's use of its own Confidential or Highly Confidential Discovery Material for any purpose, provided that party does not have an independent obligation to maintain the confidentiality of such material. Subject to the provisions of paragraph 20, and provided that neither the initial disclosure by the

producing party of Confidential or Highly Confidential Discovery Material nor any subsequent disclosure of such Material is inadvertent, if a producing party discloses Confidential or Highly Confidential Discovery Material produced by that party to any individual not authorized to receive such Material under the terms of this Stipulation and Order, then the receiving party may disclose that Material to other individuals as well.

14. The designation of discovery materials as Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Stipulation and Order shall not constitute a ruling that those materials actually contain Confidential or Highly Confidential Information.

15. If a party, or a non-party concludes that Discovery Materials or portions thereof designated as Confidential Discovery Material or Highly Confidential Discovery Material by any other party or non-party do not actually include Confidential or Highly Confidential Information and, therefore, do not warrant the protection claimed for them under this Stipulation and Order, it may so notify all parties and any concerned non-party in writing and state the basis for its conclusion. Promptly after receipt of such notice, the attorneys for all concerned parties and non-parties shall confer in good faith in order to resolve the objection to the designation of confidentiality. If it is not possible to resolve the objection within fourteen (14) days after service of the notice, then the designated Discovery Materials shall continue to be Confidential Discovery Material or Highly Confidential Discovery Material under this Stipulation and Order until the objecting party or non-party applies for and receives an Order of this Court rescinding that designation of those materials.

16. If any Confidential or Highly Confidential Discovery Material or Information, and/or data derived or generated therefrom, is sought through discovery or otherwise from

DB1/ 68403166.1

Plaintiff or his counsel by any person, in any subsequent judicial or administrative proceeding, Plaintiff agrees that he will immediately notify Defendant so as to permit Defendant to seek a protective order from the appropriate court. With respect to the notification required by this paragraph, Plaintiff shall notify W. John Lee of Morgan, Lewis & Bockius LLP in writing.

17. By stipulating to this Stipulation and Order, no party waives its right to object to any requested discovery or to request more stringent restrictions upon the use and disclosure of certain discovery materials than those provided in this Stipulation and Order on the grounds that those discovery materials contain especially sensitive Confidential or Highly Confidential Information.

18. The provisions of this Stipulation and Order shall not terminate at the conclusion of this action. The receiving party shall either destroy Confidential and Highly Confidential Discovery Material at the conclusion of the litigation, and promptly certify in writing that it has done so, or return all Confidential and Highly Confidential Discovery Material to the producing party, including all copies of such documents that may have been made, but not including any notes or other attorney work product that may have been placed thereon. At the request of the producing party, any copies of Confidential and Highly Confidential Discovery Material claimed to contain attorney work product shall be destroyed.

19. If any party intends to offer in evidence at trial or in any other proceedings in open court any Discovery Material designated as Confidential Discovery Material or Highly Confidential Discovery Material, it shall serve reasonable advance notice thereof on all other parties and concerned non-parties, if any, in order to afford the parties and non-parties the opportunity to bring before the Court the matter of the protection of the confidentiality of those materials or that information.

20. The inadvertent or unintentional production to a receiving party or to a third-party by either party of Confidential Discovery Material or Highly Confidential Discovery Material that was not so designated at the time of disclosure shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the party to which the information was disclosed shall not be held to have violated this Stipulation and Order because it did not treat that information as confidential between the time it was disclosed and the time when the party that disclosed it notified the other party of the designation of that information as Confidential Discovery Material or Highly Confidential Discovery Material.

In the event that a producing party discovers that information or documents that are subject to attorney-client privilege or the work-product doctrine have been inadvertently produced, the producing party shall notify the receiving party within a reasonable time after discovery of the error and provide a privilege log to the receiving party that complies with the Federal Rules of Civil Procedure. The receiving party shall return all copies of the information or documents to the producing party within fourteen (14) days of receipt of such notice. However, within fourteen (14) days of receipt of such notice, if the receiving party wishes to challenge the producing party's assertion of privilege, the receiving party may, with notice to the producing party, provide the Court with one (1) copy of the disputed privileged material for in camera review together with an explanation as to why the information or documents should not be deemed privileged. The producing party shall then have fourteen (14) days to make a submission to the Court regarding why the disputed privileged material should be considered privileged. The fact that such privileged documents are produced, inadvertently or otherwise,

shall not be construed as a waiver of any applicable attorney-client privilege and/or the work product doctrine. The fact that privileged documents are returned shall not be construed as an admission by the receiving party that the documents are in fact subject to the attorney-client privilege or the work-product doctrine.

**SO ORDERED** this the 4th day of November, 2011.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

Dated: October 31, 2011

/s/ *W. John Lee*
Sarah E. Bouchard (PA I.D. # 77088)
W. John Lee (PA I.D. # 206796)
    (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5077/5210
Fax: 215.963.5001
sbouchard@morganlewis.com

*Attorneys for Defendant*
*Smiths Medical, ASD, Inc.*

/s/ *Nick Norris*
Louis H. Watson, Jr., Esquire
Nick Norris, Esquire
**LOUIS H. WATSON, JR., P.A.**
628 N. State Street
Jackson, MS 39202
Phone: 601-968-0000
Fax: 601-968-0010
Email: louis@louiswatson.com

*Attorneys for Plaintiff*
*Darryl Isom*

/s/ *Paula Graves Ardelean*
Paula Graves Ardelean (MSB #4975)
**BUTLER, SNOW, O'MARA, STEVENS**
    **& CANNADA, PLLC**
1010 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Tel: 601.985.4537
Fax: 601.985.4500
paula.ardelean@butlersnow.com

DB1/ 68403166.1

## **EXHIBIT A**

I have read the Stipulation and Order of Confidentiality between Darryl Isom and Smiths Medical ASD Inc., and I understand the responsibilities and obligations the Stipulation and Order of Confidentiality imposes on persons to whom the material encompassed by the Stipulation and Order of Confidentiality is disclosed. Pursuant to Paragraphs 9 and 10 of the Stipulation and Order of Confidentiality, so as to permit disclosure to me of the material encompassed by the Stipulation and Order of Confidentiality, I hereby agree to comply with the Stipulation and Order of Confidentiality.

This _____ day of _____, 20__.

_____

Jackson 7131542v1

DB1/ 68403166.1